IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| HARRY E. BUNDY, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:16-CV-426-RP |
| ADESA HOUSTON d/b/a ADESA INCORPORATED, | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant ADESA Houston's Motion to Dismiss, (Dkt. 6). The motion was referred to United States Magistrate Judge Jeffrey C. Manske for a Report and Recommendation on the merits pursuant to 28 U.S.C. § 636(b), and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. On April 17, 2017, Magistrate Judge Manske filed a Report and Recommendation in the matter, recommending that this Court transfer the case to the Southern District of Texas and deny Defendant's Motion to Dismiss as moot. (Dkt. 7).

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the Report and Recommendation, and thereby secure a de novo review by the district court. Plaintiff timely objected to the Report and Recommendation of the Magistrate on May 5, 2017. (Dkt. 9).

Plaintiff's complaint addresses his concerns regarding the auction of a 2009 Nissan Maxima by Defendant or its affiliates. (Pl.'s Compl., Dkt. 1). Defendant moved to dismiss Plaintiff's claims under both Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). (Def.'s Mot. Dismiss, Dkt. 6). Plaintiff failed to respond to Defendant's motion. Magistrate Judge Manske reviewed Plaintiff's

1

complaint and determined that Plaintiff had filed the case in an improper venue. (Dkt. 7). Rather than recommending dismissal of the case as permitted by Rule 12(b)(3) and 28 U.S.C. § 1406(a), however, Judge Manske recommended transferring it to the appropriate venue—the Southern District of Texas—in the interest of justice. (Report and Recommendation, Dkt. 7). Plaintiff's objection did not argue that venue is proper here, rather, he urged that this case be stayed while an appeal he filed against Defendant in state court is resolved at the Texas Supreme Court. (Pl. 's Obj., Dkt. 9, at 1–2). Plaintiff did not explain the relationship between this case and the state court case or otherwise explain why a stay of the transfer would be appropriate. (*Id.*).

In Defendant's response, it explains that "[t]he claims Bundy raises in this lawsuit are substantially identical to those raised in" the state action, which was transferred from Bell County (which is in the Western District of Texas), to Harris County (which is in the Southern District of Texas). (Def.'s Resp., Dkt. 10, at 3). Defendant notes that Plaintiff, who is pro se in both matters, appealed the decision to transfer, and the appeal was dismissed for want of jurisdiction. (*Id.*). Defendant advises the Court that Plaintiff has no appeal pending before the Texas Supreme Court—instead, he filed a petition for a writ of mandamus with the Texas Supreme Court (in which he appears to misrepresent himself as an attorney). (*Id.* at 4). Defendant also advises the Court that, while claims between it and the entity that actually purchased the Nissan Maxima have been settled, Bundy's claims against it remain pending in state court in Harris County. (*Id.*). Defendant argues that Plaintiff's claims in this case and the related state court case demonstrate that transferring this case, rather than dismissing it, would not be in the "interest of justice." (*Id.* at 4–5).

The Court agrees. Without addressing the merits of Plaintiff's claims, the Court finds that Plaintiff has repeatedly made frivolous arguments and baseless representations to this and other courts. His actions waste judicial resources and slow the resolution of his claims. Rather than transfer his case to the Southern District of Texas, the Court will therefore dismiss his claims

2

without prejudice to refiling. The Court reminds Plaintiff that if he chooses to refile his claims, he should do so in a court of proper venue.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge (Dkt. 7) is **APPROVED AND ACCEPTED** as modified by this Order.

The Court hereby **GRANTS** Defendant's Motions to Dismiss (Dkt. 6). Plaintiff's claims against Defendant are **DISMISSED WITHOUT PREJUDICE**.

Further, the Court hereby **DENIES AS MOOT** Plaintiff's Motion to Stay. (Dkt. 9)

**SIGNED** on August 3, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE